Matthew Morrison, Esq.
Utah State Bar Number 14562
1887 N 270 E
Orem UT 84057
(801) 845-2581
matt@oremlawoffice.com

Blake J. Dugger, Esq.*
blake@stefancoleman.com
Law Offices of Stefan Coleman, P.A.
1011 W. Colter St., #236
Phoenix, Arizona 85013
T: 602-441-3704
F: 888-498-8946

Attorneys for Plaintiff and the Class

* = to be added, pro hac vice

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MICHAEL ANAKIN DAWSON**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**FITNESS MEMBER SERVICES, LLC** a Utah limited liability company, dba **VASA FITNESS CORPORATE**,<br><br>*Defendant*. | PROPOSED CLASS ACTION<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>CASE NO:<br><br>JUDGE: |

### PROPOSED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Michael Anakin Dawson ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Fitness Member Services, LLC dba Vasa Fitness Corporate ("Vasa" or "Defendant Vasa") to stop its practice of sending unwanted

solicitation text messages to cellular telephones without consent, and to obtain redress, including injunctive relief, for all persons injured by its conduct ("Class Members"). Plaintiff Dawson, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. As shown below, Defendant Fitness Member Services operates as Vasa Fitness.[1] Vasa Fitness is the largest operator of fitness and health clubs in the Utah market.[2]

**FITNESS MEMBER SERVICES, LLC**  [Update this Business]

**Entity Number:** 5542061-0160
**Company Type:** LLC - Domestic
**Address:** 1259 S 800 E Orem, UT 84097
**State of Origin:**
**Registered Agent:** TROY PETERSON
**Registered Agent Address:**
1259 S 800 E
OREM, UT 84097

← Vasa HQ

[View Management Team]

**Doing Business As**

VASA FITNESS CORPORATE
GOLD'S GYM (OREM III)
CORPORATE WELLNESS BY GOLD'S GYM
GOLD'S GYM CORPORATE

2. Unfortunately for consumers, Defendant sends text messages to consumers who have not signed up for Defendant's services. That is, in an attempt to solicit a response from consumers who have not signed up for Defendant's services, and to ultimately increase Defendant's revenue by encouraging consumers to visit their fitness and health clubs, Defendant conducted (and continues to conduct) a wide-scale solicitation campaign that features the

---

[1] These images are from https://secure.utah.gov/bes/details.html?entity=5542061-0160#:

[2] http://www.silveroaksp.com/portfolio.

sending of repeated unsolicited text messages to consumers' cellular telephones—without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

4. Yet, in violation of this rule, Defendant fails to obtain any prior express written consent to send text messages to consumers' cellular telephone numbers.

5. Text messages, like the ones sent in the instant action, are considered calls under the TCPA. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) (noting that text messaging is a form of communication used primarily between telephones and is therefore consistent with the definition of a "call").

## COMMON ALLEGATIONS

6. Defendant sends text messages to consumers' cellular telephones in an attempt to solicit business and promote its fitness and health clubs.

7. Defendant sends solicitation text messages from telephone number 801-666-4160.

8. In sending these solicitation text messages, Defendant takes no steps to acquire the oral or written prior express consent of the Plaintiff, or the Class Members who received the unsolicited text messages.

3

9. Defendant made, or had made on its behalf, the same (or substantially the same) solicitation text message calls *en masse* to thousands of cellular telephone numbers throughout the United States.

10. In sending the unsolicited text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant or its agent has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendant's ATDS includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

11. In fact, Defendant Vasa advertises its potential use of automated technology to contact consumers on its website. The image below is taken from the link, https://vasafitness.com/trial/.[3] On its sign-up page, Vasa states that it may use automated technology, prerecorded messages, and texts to contact you.



---

[3] The image from https://vasafitness.com/trial reads, "By completing this form and signing/initialing below, you agree that VASA Fitness, along with its agents, **may call you for marketing purposes** at the telephone numbers you provide to VASA Fitness, which you certify are your own numbers, **including though the possible use of automated technology, prerecorded messages and texts**." (Emphasis added).

4

12. Defendant was and is aware that its unsolicited text messages were and are being made without the prior express written consent of the text message recipients.

13. Defendant knows, or is reckless in not knowing, that its text messages to these cellular subscribers are unauthorized. Ultimately, consumers are forced to bear the costs of receiving these unsolicited and unauthorized text messages.

14. Consumers have gone online to voice their complaints and to warn others:

- "Spamming for VASA Taylorsville UT. Filed an FTC complaint. Must not be doing very good business out there to be this desperate."[4]
- "They repeatedly text me asking me to join or saying a member referred me for a trial pass. This has been going on for almost a year now. I just reported them to the FTC and am going to try to file a police report. I repeatedly asked to get taken off the list and I get smart ass answers."[5]
- "vasa losers dont ever fill out info to try gym out...The bug and harass with robo calls and they are losers filling in the golds gym loser vacuum"[6]
- "text asking me if my name was ..... doesn't say anything else. very creepy. asked who they were and no response."[7]
- "spamming text messages for VASA fitness."[8]

15. By sending the unsolicited text messages at issue in this Complaint, Defendant caused Plaintiff and the other Class Members actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the sending and receipt of such text messages, a loss of value realized for the monies consumers paid to their carriers for the receipt of such text messages, and a loss of the use and enjoyment of their phones, including wear and tear to the related data, memory, software, hardware, and battery components, among other harms.

---

[4] http://stopcaller.net/8016662690

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] https://www.safecaller.com/85594216

16. Upon information and belief, and via investigation by Plaintiff's attorneys, each of the text messages sent to Plaintiff and the Class are affiliated with Defendant.

17. By sending the text messages at issue in this Complaint as discussed *supra*, Defendant caused Plaintiff and the other members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the sending and receipt of such text messages, a loss of value realized for the monies consumers paid to their carriers for the receipt of such text messages, and a loss of the use and enjoyment of their phones, including wear and tear to the related data, memory, software, hardware, and battery components, among other harms.

18. In response to Defendant's unlawful conduct, Plaintiff files this action seeking an injunction requiring Defendant to cease all unsolicited solicitation text messaging activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

19. Plaintiff Michael Anakin Dawson is a natural person and resident of Kearns, Utah.

20. Defendant Vasa is a limited liability company organized and existing under the laws of the State of Utah with headquarters located at 1259 S. 800 E. Orem, Utah 84097. Defendant Vasa conducts business throughout this District, the State of Illinois, and the United States.

## JURISDICTION AND VENUE

21. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.

6

22. This Court has personal jurisdiction over Defendant because Defendant does significant business in the State of Utah, in this District, and because the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

23. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conduct a significant amount of business in this District and the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because both Plaintiff and Vasa reside in this District.

### FACTS SPECIFIC TO PLAINTIFF MICHAEL ANAKIN DAWSON

24. On June 14th and June 15th, 2017, Dawson received a series of text messages from telephone number 801-666-4160.

25. Upon information and belief, the telephone number 801-666-4160 belongs to Vasa.

26. On June 14, 2017 at 2:03 p.m., Dawson received an unsolicited text message from Vasa on his cellular telephone from telephone number 801-666-4160.

27. The 2:03 p.m. text message read, "hi Anakin how are you?"

28. In an effort to ascertain the identify of the sender of the text message, and to ultimately get whoever it was texting him to stop, Dawson replied, "who is this?"

29. The following day, on June 15, 2017 at 8:48 a.m., Vasa replied, "Hey this is Mike a health consultant from Vasa Fitness. Have you had a chance to try us out before?"

30. About 20 minutes later, Dawson responded to Vasa's question by demanding that Vasa remove him from its contact list and to stop texting him.

31. Vasa responded to Dawson's "stop request" by stating, "awesome, well to be unsubscribed to just reply with the word STOP. Thanks and have a Vawesome day."

32.     A screenshot of the message exchange between Dawson and Vasa is produced below:



33.     Dawson does not have a relationship with Vasa, he has never provided his telephone number directly to Vasa, or requested that Vasa send text messages to him or alert him of its services. Simply put, Dawson has never provided his prior express written consent to Vasa to send text messages to him and has no business relationship with Vasa.

34.     By sending unauthorized text messages as alleged herein, Vasa have caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the text messages disturbed Dawson's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Dawson's phone. In the present case, a consumer could be subjected to many unsolicited text messages, as Vasa fails to obtain a consumers' prior express written consent before sending them solicitation text messages.

35. In order to redress these injuries, Dawson, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text calls to cellular telephones.

36. On behalf of the proposed Class, Dawson seeks an injunction requiring Vasa to cease all unwanted solicitation text messaging activities and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

37. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Autodialed No Consent Class:** All persons in the United States who from a date four years prior to the filing of the initial complaint to the present: (1) Defendant (or a third person acting on behalf of Defendant) sent text messages, (2) to the person's cellular telephone number, (3) for the purpose of promoting a business and service, and (4) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send automated text messages to the Plaintiff.

38. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

39. On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

40. There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class that may be answered in a single stroke include, but are not necessarily limited to the following:

    (a) whether Defendant's conduct constitutes a violation of the TCPA;

    (b) whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Class;

    (c) whether members of the Class are entitled to statutory and treble damages based on the willfulness of Defendant's conduct;

    (d) whether Defendant obtained prior express written consent to contact any Class members; and

    (e) to the extent Defendant's conduct does not constitute telemarketing, whether Defendant obtained prior express oral consent to contact any class members.

41. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class, including the annoyance and aggravation associated with such messages as well as the loss of data and temporary inability to enjoy and use their cellphones, as a result of the transmission of the solicitation text messages alleged herein. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct of transmitting solicitation text messages. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct. Plaintiff, like all members of the Class, received unwanted

solicitation text messages from Defendant. Plaintiff is advancing the same claims and legal theory on behalf of himself and all absent members of the Class.

42.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

43.     The suit may be maintained as a class action under the Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted, and/or has refused to act, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief.  As the messages continue to be sent in spite of Defendant's failure to get the consumers' prior express written consent to receive the text messages, injunctive relief is necessary and appropriate to require Defendant to discontinue sending unauthorized solicitation text messages.  Likewise, Defendant has acted and fails to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless solicitation text messages at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class.

44.     In addition, this suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective

remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication. The claims asserted herein are applicable to all customers throughout the United States who received an unsolicited solicitation text message from Defendant. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

45. Adequate notice can be given to the members of the Class directly using information maintained in Defendant's records or through notice by publication.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

46. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

47. Defendant and/or its agents agent transmitted unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and/or

receive and store lists of phone numbers, and to dial such numbers, *en masse,* without human intervention. The telephone dialing equipment utilized by Defendants and/or its agent, which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner.

48. These solicitation text messages were made *en masse* without human intervention and without the prior express written consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

49. At no time did Defendant obtain prior express written consent from the Plaintiff orally or in writing to receive solicitation text messages. Also, at no time did Defendant obtain prior express written consent that contained a disclosure informing Plaintiff or any other consumer that agreeing to receive solicitation text messages was not a condition of the purchase of any property or service.

50. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

51. In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Anakin Dawson, individually and on behalf of the Class, prays for the following relief:

52. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Dawson as the representative of the Class and appointing his attorneys as Class Counsel;

53. An award of actual and statutory damages to be paid into a common fund for the benefit of Plaintiff and the Class;

54. An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

55. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

56. Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**MICHAEL ANAKIN DAWSON**, individually and on behalf of a Class of similarly situated individuals

Dated: August 18, 2017    By: /s/ *Matthew J. Morrison*    .

Matthew Morrison, Esq.
Utah State Bar Number 14562
1887 N 270 E
Orem UT 84057
(801) 845-2581
matt@oremlawoffice.com

Blake J. Dugger, Esq.*
Law Offices of Stefan Coleman, P.A.
1011 W. Colter St., #236
Phoenix, Arizona 85013
T: 602-441-3704
F: 888-498-8946

Attorneys for Plaintiff and the Class

*Pro Hac Vice to be sought